[Cite as *State v. Jenkins*, 2011-Ohio-6924.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                              :

      Plaintiff-Appellee,            :          Case No: 10CA3389

      v.                             :

                        :      <u>DECISION AND</u>
ANTHONY JENKINS,                            :      <u>JUDGMENT ENTRY</u>

      Defendant-Appellant.           :      Filed December 22, 2011

<u>APPEARANCES:</u>

Daphne J. Frost-Krieger, Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Matthew A. Wisecup, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for Appellee.

Kline, J.:

    **{¶1}**   Anthony Jenkins (hereinafter "Jenkins") appeals the judgment of the Scioto County Court of Common Pleas, which revoked his judicial release and sentenced him to three years in prison. On appeal, Jenkins contends that R.C. 2929.15(A)(1) and R.C. 2929.20(K) should be read together. Specifically, Jenkins argues that the combined period of community control under R.C. 2929.15(A)(1) and R.C. 2929.20(K) should not exceed a total of five years. Based on this argument, Jenkins claims that he was not legally on community control when his judicial release was revoked. We disagree. Because R.C. 2929.15(A)(1) and R.C. 2929.20(K) are independent statutes that serve different purposes, community control imposed under R.C. 2929.15(A)(1) is separate and distinct from community control imposed under R.C.

2929.20(K).  Therefore, we find no merit in Jenkins' statutory argument, and we affirm the judgment of the trial court.

I.

{¶2}    The facts of this case are not in dispute.  On July 22, 2003, Jenkins was convicted of one count of burglary and two counts of theft.  For these crimes, Jenkins was sentenced to five years of community control.

{¶3}    On July 10, 2007, the trial court revoked Jenkins' community control and sentenced him to three years in prison.

{¶4}    On February 19, 2008, the trial court granted Jenkins' motion for judicial release.  Under R.C. 2929.20(K), the trial court placed Jenkins on five years of community control.

{¶5}    On December 22, 2009, the trial court issued a warrant for Jenkins' arrest. The warrant states that "ANTHONY JENKINS has violated the terms and conditions of community control by: FAILING TO REPORT TO THE PROBATION DEPT THAT HE HAD BEEN ARRESTED FOR THEFT IN THE STATE OF KENTUCKY."

{¶6}    Finally, on August 24, 2010, the trial court revoked Jenkins' judicial release and sentenced him to three years in prison with credit for 278 days.

{¶7}    Jenkins appeals and asserts the following assignment of error: I. "The Court of Common Pleas violated the Appellant's right to a trial by Jury by sentencing Appellant to a term of incarceration which exceeded the MAXIMUM mandated by the Sixth and Fourteenth Amendments, when the trial [court] sentenced the Appellant when he had already served the entire sentence allowed on community control."  (Emphasis sic.)

II.

{¶8}    In his sole assignment of error, Jenkins contends that the trial court erred when it revoked his judicial release.  Although Jenkins makes some constitutional claims on appeal, he actually bases his argument on statutory interpretation.  Based on his interpretation of R.C. 2929.15(A)(1) and R.C. 2929.20(K), Jenkins claims that he was not legally on community control when the December 22, 2009 arrest warrant was issued.  Essentially, Jenkins contends that R.C. 2929.15(A)(1) and R.C. 2929.20(K) "should be read together and not independently of each other."  Brief of Appellant at 7.  More specifically, Jenkins argues that, when combined, the period of community control under R.C. 2929.15(A)(1) and the period of community control under R.C. 2929.20(K) should not exceed a total of five years.  Jenkins claims that he spent 1,261 days on community control under R.C. 2929.15(A)(1) and 672 days on community control under R.C. 2929.20(K).  Therefore, as of December 22, 2009, Jenkins claims to have served "a TOTAL of 1933 days or five years, four months and fifteen days * * * on community control."  Brief of Appellant at 8 (emphasis sic).  Based on this claim, Jenkins argues the following: (1) his time on community control exceeded the statutory maximum of five years; (2) therefore, he was not legally on community control at the time of the of the December 22, 2009 arrest warrant; and (3) because he was not legally on community control, the trial court erred when it revoked his judicial release and sentenced him to three years in prison.

{¶9}    "A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion."  *State v. Westrick*, Putnam App. No. 12-10-12, 2011-Ohio-1169, at ¶22.  An "'abuse of discretion' connotes more than an

error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. The present case, however, requires us to interpret and apply R.C. 2929.15(A)(1) and R.C. 2929.20(K). To the extent that we must interpret and apply these statutes, our review is de novo. See *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506 ("When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination.").

{¶10} R.C. 2929.15(A)(1) provides, in part, the following: "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions[.] * * * The duration of all community control sanctions imposed upon an offender under this division *shall not exceed five years*." (Emphasis added.)

{¶11} Under R.C. 2929.20(K), "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. * * * The period of community control *shall be no longer than five years*." (Emphasis added.)

{¶12} Jenkins contends that the five-year maximum in R.C. 2929.15(A)(1) and the five-year maximum in R.C. 2929.20(K) should be read together. That is, Jenkins argues that a defendant who (1) is sentenced to community control, (2) is then

incarcerated for a community-control violation, and (3) is later granted judicial release should serve no more than *five total combined years* on community control under R.C. 2929.15(A)(1) and R.C. 2929.20(K).  We disagree.

**{¶13}**  Here, courts have consistently found that R.C. 2929.15(A)(1) and R.C. 2929.20(K) are independent statutes that serve different purposes.  For example, the Third Appellate District stated that "the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20([K]) contains the term 'community control' in reference to the status of an offender when granted early judicial release. * * * Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control[;] whereas, when a defendant is granted judicial release under R.C. 2929.20, he has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction."  *State v. Jones*, Mercer App. Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, at ¶12 (citations omitted).  See, also, *State v. Franklin*, Stark App. No. 2011-CA-00055, 2011-Ohio-4078, at ¶12.

**{¶14}**  We agree that R.C. 2929.15(A)(1) and R.C. 2929.20(K) are separate statutes that serve different purposes.  Therefore, we find that community control imposed under R.C. 2929.15(A)(1) is separate and distinct from community control imposed under R.C. 2929.20(K).  Furthermore, "we are forbidden to add a nonexistent provision to the plain language of [a statute]."  *State ex rel. Steffen v. Court of Appeals,*

*First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, at ¶26, citing *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, at ¶36; *State v. Hughes*, 86 Ohio St.3d 424, 427, 1999-Ohio-118.  And here, other than the use of a common term -- "community control" -- there is no statutory language to suggest that the five-year maximums under R.C. 2929.15(A)(1) and R.C. 2929.20(K) should be combined.

**{¶15}**  Finally, Jenkins' argument cannot overcome the plain language of R.C. 2929.15(A)(1) and R.C. 2929.20(K).  "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. * * * The court must first look to the plain language of the statute itself to determine the legislative intent. * * * We apply a statute as it is written when its meaning is unambiguous and definite. * * * An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language."  *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, at ¶9 (citations omitted).

**{¶16}**  Here, the plain language demonstrates that R.C. 2929.15(A)(1) and R.C. 2929.20(K) should be read separately, not together.  R.C. 2929.15(A)(1) provides that "[t]he duration of all community control sanctions imposed upon an offender *under this division* shall not exceed five years."  (Emphasis added.)  The language "under this division" clearly limits R.C. 2929.15(A)(1)'s five-year maximum to community control imposed under R.C. 2929.15(A)(1).  Furthermore, R.C. 2929.20(K) begins with the following language: "If the court grants a motion for judicial release *under this section * * *.*"  (Emphasis added.)  Therefore, in our view, all references to community control in R.C. 2929.20(K) relate only to community control imposed under R.C. 2929.20 -- including the five-year maximum term.  Finally, R.C. 2929.20(K) provides that a "court,

in its discretion, may reduce the period of community control by the amount of time the eligible offender spent in jail or prison for the offense and in prison." Significantly, having served community control under R.C. 2929.15 is *not* listed as something that may reduce community-control time under R.C. 2929.20(K). For these reasons, Jenkins' argument cannot overcome the plain statutory language.

**{¶17}** Simply put, Jenkins bases his entire argument on both R.C. 2929.15(A)(1) and R.C. 2929.20(K) using the term "community control." But we repeat, "the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20([K]) contains the term 'community control' in reference to the status of an offender when granted early judicial release." *Jones* at ¶12 (internal quotation omitted). Furthermore, Jenkins has cited no legal authorities that support his interpretation of R.C. 2929.15(A)(1) and R.C. 2929.20(K).

**{¶18}** In conclusion, we agree with the trial court's interpretation of R.C. 2929.15(A)(1) and R.C. 2929.20(K). Therefore, we find (1) that Jenkins' was legally on community control on December 22, 2009, and (2) that the trial court did not abuse its discretion by revoking Jenkins' judicial release. Accordingly, we overrule Jenkins' assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**