[Cite as *State v. Justice*, 2013-Ohio-2049.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 12CA11 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| JUSTIN R. JUSTICE, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | Released: 05/14/2013 |

APPEARANCES:

Michael A. Davenport, Lambert Law Office, Ironton, Ohio, for Appellant.

Brigham Anderson, Lawrence County Prosecutor, and Jeffrey M. Smith, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio for Appellee.

Hoover, J.

{¶ 1} Appellant, Justin R. Justice, appeals his sentence from the Common Pleas Court of Lawrence County, revoking his community control and ordering him to serve a prison term of two (2) years and six (6) months. Before being granted judicial release and placed on community control, the trial court originally sentenced appellant to four (4) years in prison for one count aggravated possession of drugs, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(1)(b) and one count aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03 (A)(2)(C)(1)(c). For the following reasons, the sentence for community control violations is affirmed.

{¶ 2} Appellant, Justin R. Justice, sets forth the following assignment of error:

THE COURT BELOW ERRED IN SENTENCING THE DEFENDANT TO THE

REMAINDER OF HIS PRIOR SENTENCE FOR FAILURE TO SATISFY

REPORTING REQUIREMENTS OF THE COMMUNITY CONTROL

SANCTIONS BECAUSE THE DEFENDANT HAD IN FACT

ACCOMPLISHED THE UNDERLYING GOAL OF ADULT PROBATION

AND OF COMMUNITY CONTROL SANCTIONS BY RETURNING TO A

PRODUCTIVE POSITION IN SOCIETY AND BECAUSE THE

PUNISHMENT IMPOSED DOES NOT FIT THE CRIME OF FAILURE TO

REPORT AND AMOUNTS TO CRUEL AND UNUSUAL PUNISHMENT

GIVE THE FACTS SPECIFIC TO THIS CASE.

## I. FACTS

{¶ 3} On June 30, 2010, a bill of information was filed with the Common Pleas Court of Lawrence County charging appellant with one count aggravated possession of drugs, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(1)(b) and one count aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(2)(C)(1)(c). Appellant entered a plea of guilty to both counts. The trial court sentenced appellant to four (4) years in the appropriate penal institution for each count with the terms to run concurrently.

{¶ 4} On December 15, 2010, the trial court granted appellant's motion for judicial release. Appellant was ordered to serve four (4) years of community control sanctions under Intensive Supervised Probation which included completion of a maximum term of six (6) months intensive residential treatment at the STAR Community Justice Center ("STAR"). The trial court reserved jurisdiction to sentence appellant to serve the remainder of his prison sentence of 1,190 days if he should violate the terms of his Community Control Sanctions.

{¶ 5} On February 22, 2011, appellant filed a motion for judicial release based on imminent completion of his treatment at STAR.  Appellant was released from STAR on May 3,

2011. Several months later, on September 8, 2011, a written order for appellant's arrest was issued pursuant to R.C. 2951.08, alleging appellant had violated the terms of his community control. A Bureau of Community Corrections report stated that appellant failed to report to their office since May 3, 2011. The report charged appellant with failure to comply with the following conditions:

> YOU shall report in the manner and time as specified in writing by the Bureau of Community Corrections. YOU shall report in person, to the Bureau of Community Corrections *once a week* on the assigned day. If that day is a holiday, or the Bureau of Community Corrections is closed for any reason, YOU shall report on the next working day. (Emphasis Added.)

{¶ 6} A hearing on the CCS violation took place on May 9, 2012. Lynn Stewart, with the Lawrence County Common Pleas Court Probation Department, and appellant testified at the hearing. Stewart testified that appellant had not reported to her office since his release from STAR on May 3, 2011. At initial reporting, the probation office issued a travel letter in order for appellant to travel to his residence in Highland County for a period of 33 days. Appellant testified that he was employed at Walnut Lake Campground in Jeffersonville, Ohio as a groundskeeper, shortly after release from STAR. As he understood it, appellant was given permission to "try" monthly reporting instead of weekly reporting due to travel concerns between Highland and Lawrence County. Appellant admitted he understood the reporting requirements of his community control and did not dispute his failure to report after May 3, 2011.

{¶ 7} The trial court found appellant violated the terms of his community control sanctions and sentenced him to two (2) years and six (6) months in the appropriate penal institution.  Appellant now appeals this sentence.

## II. ANALYSIS

{¶ 8} Appellant argues that the trial court's sentence for violations of his community control sanctions should shock the sense of justice of the community under the Eighth Amendment of the United States Constitution's prohibition of cruel and unusual punishments. He contends that because he cooperated with the State of Ohio since his initial arrest, assisted in the arrest of a corrupt correctional officer, and successfully completed drug rehabilitation, the sentencing judgment constitutes cruel and unusable punishment.

{¶ 9} Once a court finds that a defendant violated the terms of her community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. *State v. Wolfson*, 4th Dist. No. 03CA25, 2004-Ohio-2750, ¶ 8, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (1991). Generally, appellate review of a sentence involves a two step process. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124; see, also, *State v. Evans,* 4th Dist. No. 11CA16, 2012–Ohio–850, at¶ 5; *State v. Moman,* 4th Dist. No. 08CA876, 2009–Ohio–2510, at ¶ 6. First, an appellate court must determine whether the trial court complied with all applicable rules and statutes. *Kalish,* supra at ¶ 4. If it did, the appellate court reviews the sentence under the abuse of discretion standard. *Id,;* *State v. Roach,* 4th Dist. No. 11CA12, 2012–Ohio–1295, at ¶ 4. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wolfson* at ¶8 citing *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

{¶ 10} Under Ohio law:

"If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction***. R.C. 2929.20(K).

{¶ 11} The State of Ohio, in its appellate brief, asks this Court to affirm the trial court's sentence pursuant to R.C. 2929.15(B). Here, R.C. 2929.20(K) applies to appellant's community control violations, not R.C. 2929.15(B) because appellant was not originally sentenced to community control sanctions.[1] Courts have consistently found that R.C. 2929.15 and R.C. 2929.20 are independent statutes and serve different purposes. See *State v. Mann*, 3rd Dist. No. 3-03-42, 2004-Ohio-4703 at ¶6; *State v. Durant*, 5th Dist. No. 2005CA00314, 2006-Ohio-4067 at ¶ 12. In *State v. Jenkins*, 4th Dist. No. 10CA3389, 2011-Ohio-6924 ¶13, we cited the Third Appellate District in distinguishing the statutes stating:

***the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20( [K] ) contains the term 'community control' in reference to the status of an offender when granted early judicial release. * * * Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control[;] whereas, when a defendant is granted judicial release under R.C. 2929.20, he has already

---

[1] R.C. 2929.20(K) was formerly contained in R.C. 2929.20(I).

served a period of incarceration, and the remainder of that prison sentence is

suspended pending either the successful completion of a period of community

control or the defendant's violation of a community control sanction. *State v.*

*Jones,* 3rd Dist. Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, at ¶12 (citations

omitted). See, also, *State v. Franklin*, 5th Dist. No. 2011-CA-00055, 2011-Ohio-

4078, at ¶ 12.

{¶ 12} Upon judicial release, the trial court recorded in its December 13, 2010 journal

entry that appellant will have served 258 days of his original four (4) year prison term at his

release to STAR. The entry also stated that : "***the Court reserves jurisdiction to sentence him

to serve the balance of the prison sentence if he should violate the terms of his community

control sanctions in the future, to wit: 1,190 days, subject to any additional credit for time

served."

{¶ 13} After 133 days in a rehabilitation program at STAR, appellant was released on

May 3, 2011. On that day, appellant initially presented himself at the Bureau of Community

Corrections. Appellant testified that to his knowledge, because he lived so far away from

Lawrence County, the Bureau would allow him to report once a month. Appellant did not dispute

his failure to report since May 3, 2011. He also answered in the affirmative when asked if he

understood the reporting requirements as a term of his probation.

{¶ 14} Considering the record and testimony at the hearing on May 9, 2012, the trial

court acted within its discretion re-sentencing appellant to two (2) years and six (6) months

pursuant to R.C. 2929.20(K) for violations of community control.

{¶ 15} Now we turn to appellant's constitutional argument that the sentence constitutes

cruel and unusual punishment in violation of the Eighth Amendment of the United States

Constitution. The Ohio Supreme Court has held: "[A]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). "Where the offense is slight, more may be prohibited than savage atrocities. However, the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *Id.* at 70.

{¶ 16} As we have already determined, the trial court acted in accordance with R.C. 2929.20(K) when it resentenced appellant under his original prison term. While the offense of violating community control sanctions might be slight in appellant's view, the court as an institution must be reinforced. The trial court allowed appellant early judicial release and proper discharge upon completion of his treatment at STAR. Appellant failed to report, not weekly or monthly, but at any time pursuant to the terms of his community control sanctions. Appellant points to his assistance in uncovering a corrupt correction officer in arguing a reason why we should overturn his resentence. Those facts are not contained in the record before us, and under our standard of review, we presume the trial court considered those matters before sentencing. We do not find that appellant's resentence would shock the sense of justice of the community, amounting to cruel and unusual punishment. Appellant's sole assignment of error is not well-taken.

{¶ 17} Accordingly, we affirm the judgment of the trial court because the record indicates the trial court did not abuse its discretion in re-imposing appellant's original prison sentence after community control violations.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the trial court's JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment & Opinion.
McFarland, P.J.:  Concurs in Judgment Only.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.