[Cite as *State v. Perry*, 2013-Ohio-4066.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA12 |
| vs. | : | |
| | | DECISION AND |
| BLAINE PERRY, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 09/12/2013 |

APPEARANCES:

Robert W. Bright, Middleport, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

Hoover, J.

{¶ 1} Blaine Perry (hereinafter "appellant") appeals from the Athens County Common Pleas Court judgment revoking judicial release and ordering him to serve the remainder of his original prison term on a conviction of escape. Appellant relies on *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, and contends that the trial court was prohibited from reimposing the original one-year prison sentence because the court did not specifically state the prison term that he would be subject to upon a violation of community control when it previously granted him judicial release.

{¶ 2} Because appellant herein was not originally sentenced to community control, but was only placed on community control after the trial court granted his motion for judicial release, *Brooks* is inapplicable. Rather, R.C. 2929.20 governs the revocation of judicial release. Under R.C. 2929.20, a trial court may reserve the right to reimpose the original sentence upon an

offender who violates the terms and conditions of community control following judicial release. In the case sub judice, the trial court properly reserved such right; and thus, appellant's sole assignment of error is without merit. The judgment of the trial court is affirmed.

{¶ 3} Appellant was convicted of third degree felony escape, in violation of R.C. 2921.34, after he jumped the fence at the SEPTA Correctional Facility. Appellant had been serving a sentence at SEPTA for a previous felony conviction out of Fairfield County. Appellant was subsequently sentenced to one year in prison. Because appellant had approximately 60 days left to serve at SEPTA at the time of his escape, the trial court judge indicated at the sentencing hearing that he would look favorably upon judicial release after appellant served 60 days.

{¶ 4} The appellant filed a motion for judicial release after serving 50 days in prison, requesting a hearing on the motion as soon as he reached 60 days of incarceration. The State filed a response opposing judicial release. A hearing was held; and shortly thereafter the motion was granted. As part of the conditions of judicial release, appellant's prison term sentence was suspended; and he was placed on community control sanctions for a period of up to five years.

{¶ 5} While on judicial release, the State filed several notices of violation of community control alleging that appellant had been charged with domestic violence, convicted of aggravated menacing in violation of R.C. 2903.21, and convicted of burglary in violation of R.C. 2911.12. At the hearing on the matter, appellant stipulated to a violation of his community control; and he was ordered to serve the balance of his previously suspended one-year term of imprisonment.

{¶ 6}    It is from this judgment which appellant now appeals, raising the following assignment of error for our review:

> THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE PRISON
> TERM NOTICE REQUIREMENTS OF *STATE V. BROOKS* WHEN THE
> TRIAL COURT SENTENCED THE APPELLANT TO COMMUNITY
> CONTROL.

{¶ 7}   Appellant argues that the trial court was not permitted to reimpose the balance of his prison sentence upon the revocation of judicial release because at the judicial release hearing, the trial court did not notify him of the specific prison term that could be imposed if he violated the community control sanctions.  Appellant relies on *Brooks*, supra, and its progeny, in support of his argument.

{¶ 8}   In *Brooks*, the Supreme Court of Ohio addressed the statutory notice requirements under R.C. 2929.19(B)(5) and R.C. 2929.15.  After *Brooks* was released, R.C. 2929.19 was amended without any relevant substantive changes, and R.C. 2929.19(B)(5) was moved to R.C. 2929.19(B)(4).  *State v. Marshall*, 6th Dist. Erie No. E-12-022, 2013-Ohio-1481, ¶ 9.

{¶ 9}  R.C. 2929.19(B)(4) states, in pertinent part, that when imposing a community control sanction, the trial court "shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]"

{¶ 10}  R.C. 2929.15, which details the procedures for a trial court to follow when an offender has violated the conditions of community control, provides in relevant part that if an offender violates the conditions of his community control and the court chooses to impose a prison term, such "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing[.]"  R.C. 2929.15(B)(2).

{¶ 11} Construing the above statutes, the *Brooks* court ultimately held that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Brooks* at paragraph two of the syllabus.

{¶ 12} We have previously discussed, however, that the rules dealing with a violation of an original sentence of community control should not be confused with those dealing with a violation of community control while on judicial release. Specifically, we stated in *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 13, quoting *State v. Jones*, 3rd Dist. Mercer Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, ¶ 12:

> "[T]he rules dealing with a violation of an original sentence of community control
> (R.C. 2929.15) should not be confused with the sections of the Revised Code
> regarding early judicial release (R.C. 2929.20) even though the language of R.C.
> 2929.20( [K] ) contains the term 'community control' in reference to the status of
> an offender when granted early judicial release. * * * Under R.C. 2929.15, a
> defendant's original sentence is community control and he will not receive a term
> of incarceration unless he violates the terms of his community control[;] whereas,
> when a defendant is granted judicial release under R.C. 2929.20, he has already
> served a period of incarceration, and the remainder of that prison sentence is
> suspended pending either the successful completion of a period of community
> control or the defendant's violation of a community control sanction."

We recently reiterated the distinction between the two statutory schemes in *State v. Justice*, 4th Dist. Lawrence No. 12CA11, 2013-Ohio-2049, ¶ 11, noting that "[c]ourts have consistently

found that R.C. 2929.15 and R.C. 2929.20 are independent statutes and serve different purposes."

{¶ 13} In the present case, appellant originally received a one-year prison sentence. He served part of the prison term and then moved for judicial release, which the trial court granted. The original sentence did not include community control. Instead, appellant was placed under community control sanctions and conditions as part of his judicial release as required by the judicial release statute, R.C. 2929.20. Thus, R.C. 2929.20 controls the instant appeal, not R.C. 2929.15 as appellant contends. While appellant does not specifically cite R.C. 2929.15 in his brief, he relies on *Brooks*, which construed R.C. 2929.15 and R.C. 2929.19 in reaching its ultimate holding.

{¶ 14} R.C. 2929.20 governs both the grant and revocation of judicial release. Specifically, R.C. 2929.20(B) permits a sentencing court to reduce an offender's original prison term when an eligible offender moves for judicial release. Further, R.C. 2929.20(K) governs the revocation of judicial release when an eligible offender violates a condition of judicial release, providing in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of community control shall be no longer than five years.

{¶ 15}  Despite appellant's arguments to the contrary, a review of R.C. 2929.20(K) makes clear that "there is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release.  R.C. 2929.20[(K)] merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if defendant violates the sanction."  *State v. Durant*, 5th Dist. Stark No. 2005 CA 00314, 2006-Ohio-4067, ¶ 16; *see also State v. James*, 5th Dist. Richland No. 2007-CA-0009, 2008-Ohio-103, ¶ 35 (quoting *Durant*).  Furthermore, "[b]y virtue of being subject to the specific term of imprisonment imposed at the original sentencing hearing, it cannot be said that [appellant] has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release."  *State v. Mann*, 3rd Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 13; see also *State v. Darst*, 170 Ohio App.3d 482, 2007-Ohio-1151, 867 N.E.2d 882, ¶ 35 (5th Dist.) ("The defendant has been notified of his or her sentence at a previous hearing and knows already what his or her sentence is and what portion, as of the time of a judicial release, remains unserved.").

{¶ 16}  In order to reserve the right to reimpose the original sentence under R.C. 2929.20, we have previously held that a trial court must expressly reserve, on the record, the right to reimpose the original sentence when it grants judicial release.  *State v. Evans*, 4th Dist. Meigs No. 00CA003, 2000 WL 33538779, *3 (Dec. 13, 2000); but see *Durant* at ¶ 17 (holding that although it would be preferred that a trial court explicitly reserve, on the record or in the judgment entry, its right to reimpose the original sentence, the failure of the trial court to do so does not deprive the court of authority to later reimpose the conditionally reduced sentence) and *Mann* at ¶ 12 (holding that the trial court's failure to explicitly reserve its right to reimpose

sentence from which defendant was receiving early judicial release does not deprive the court of authority to later reimpose the conditionally reduced sentence).

{¶ 17} Here, the trial court expressly reserved the right to reimpose the original sentence, on the record, when it stated at the judicial release hearing: "I need to tell you, Mr. Perry, if the Court would grant the motion for judicial release it would be a suspension of the sentence that you're now serving, which means if there were any problems on judicial release the balance of that sentence could still be imposed[.]" Moreover, the trial court went to great lengths in its decision and judgment entry granting judicial release to inform the appellant that his status could be revoked and the original sentence reimposed for any violations of the conditions of judicial release. The decision and judgment entry states, inter alia:

> The sentence of one (1) year imposed on July 8, 2010, and journalized July 20, 2010, is SUSPENDED on that date, and Defendant is placed on judicial release/community control status for the maximum term permitted, subject to the re-imposition of the portion of the prison term unserved, if all the terms and conditions are not fully and completely adhered to and satisfied. * * * Defendant is reminded a violation of any of the foregoing terms and conditions of judicial release (which are equivalent to community control conditions) may be cause for revoking his status and re-imposing the balance of the sentence of incarceration. Defendant understands this is judicial release, i.e., a suspended sentence and not an initial community control sentence, and the balance of the suspended sentence may be re-imposed for any violation of the community control conditions, be it deemed a minor, major, or medium level infraction. Defendant was reminded that the Court reserves the right to reimpose a sentence

> that is reduced pursuant to judicial release if Defendant violates the sanctions.  If
> the Court reimposes the reduced sentence pursuant to this reserved right, it may
> do so concurrently with or consecutive to any new sentence imposed upon
> Defendant as a result of the violation that is a new offense.  (Emphasis sic.)

Because the trial court properly reserved its right, on the record, and because appellant violated the terms of his judicial release, it was not error to reimpose the balance of appellant's original prison sentence.

{¶ 18}  In sum, appellant's *Brooks* argument is misplaced.  *Brooks* deals exclusively with the notice requirements that come about when a defendant is initially sentenced to community control.  Here, appellant was initially sentenced to prison, and was only subject to community control sanctions after he was granted judicial release.  Thus, R.C. 2929.20 is the controlling statute in the instant case; and as discussed above, we find no error in the trial court's administration of that statute.  Accordingly, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**


It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. and Harsha, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
              Marie Hoover, Judge


**NOTICE TO COUNSEL**


Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.