[Cite as *State v. King*, 2020-Ohio-1512.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA10 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| STEPHEN KING, JR., | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a judgment finding Appellant, Stephen King, Jr., guilty of violating the terms of his community control, which he was placed on after being granted judicial release from prison on March 16, 2017.  On appeal, King contends that the record does not support the sentence the trial court imposed for a violation of the conditions of judicial release and he argues the sentence is therefore contrary to law.  Because we find the trial court properly reserved the right to impose the balance of King's prison term consistent with R.C. 2929.20(K) at the time King was granted judicial release, we conclude the sentence imposed by

the trial court is supported by the record and is not contrary to law.  Accordingly,

we find no merit to King's sole assignment of error and the judgment of the trial

court is affirmed.

FACTS

{¶2} King pled guilty to one fourth-degree felony count of trafficking in

drugs and one fourth-degree felony count of improper handling of a firearm in a

motor vehicle on June 1, 2016.[1]  He was sentenced to a seventeen-month prison

term for trafficking in drugs, a seventeen-month prison term for improper handling

of a firearm, and a twelve-month prison term for the firearm specification

associated with the drug trafficking charge.  The sentences were ordered to be

served consecutively for a total of forty-six months.  On February 24, 2017, King

filed a motion for judicial release, which was granted by the trial court on March 9,

2017.

{¶3} Although we do not have the hearing transcript from the judicial

release hearing that was held on March 7, 2017, the trial court's judgment entry

granting judicial release ordered King to be released from prison effective March

16, 2017, and ordered him to serve a four-year period of community control under

intensive supervision.  Further, the order provided that the trial court retained

---

[1] The trafficking in drugs count of the indictment contained two specifications, one of which was a firearm specification.  King pled guilty to both specifications as well.

jurisdiction to sentence King to the balance of the original prison term, which was two years and ten months, should he violate the terms and conditions of his community control.  King's terms and conditions of community control required that he report, in person, to the Bureau of Community Corrections once a week.

{¶4} A written order for King's arrest was thereafter filed on October 18, 2017, which stated that King may have violated the terms of his "Probation/Community Control."  When King's name appeared on the Lawrence County jail list on January 25, 2019, the Bureau of Community Corrections placed a hold on him and a capias was issued on January 29, 2019.  On February 11, 2019, the State filed a motion seeking an order revoking King's "Community Control Sanctions/Intensive Supervised Probation" due to the fact that King had violated the terms and conditions as established by the court.  A Bureau of Community Corrections report that was attached to the motion stated that King had last reported to the bureau on June 1, 2017.

{¶5} A revocation hearing was held on February 27, 2019.  The trial court found King guilty of violating the terms and conditions of his community control/intensive supervised probation by judgment entry dated March 4, 2019, and it sentenced him to two years and ten months in prison.  It is from this judgment that King now brings his timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

I.     "THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S
       SENTENCE OF APPELLANT FOR A VIOLATION OF THE
       CONDITIONS OF JUDICIAL RELEASE, AND THE SENTENCE
       IS CONTRARY TO LAW."

{¶6} In his sole assignment of error, Appellant contends the sentence imposed by the trial court is contrary to law because it is not supported by the record. More specifically, Appellant contends that the term "violation" contained in R.C. 2929.20(K) refers only to a new offense that is a violation of law, and that because his violation of community control – failure to report – was not a new offense it can only be punished under R.C. 2929.15 as a "technical violation" of community control. Thus, King contends the trial court erred in imposing a thirty-four-month prison sentence. The State properly notes that "[t]his case involves the reimposition of the balance of a conditionally suspended prison sentence following a hearing and finding of the trial court that [King] violated the terms of his judicial release." Because this matter involves judicial release, the State contends it is governed by R.C. 2929.20, rather than R.C. 2929.15. Therefore, the State argues the trial court properly imposed the balance of the conditionally suspended prison term in accordance with R.C. 2929.20(K) and committed no error in doing so. For the following reasons, we agree with the State.

Standard of Review

{¶7} R.C. 2953.08(G)(2) defines appellate review of felony sentences and provides, in relevant part, as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

otherwise contrary to law." *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458 ¶ 7, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. This is a deferential standard. *Id.* at 23. Furthermore, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 23. Additionally, although R.C. 2953.08(G) does not mention R.C. 2929.11 or 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to findings made under those statutes. *Id.* at ¶ 23 (stating that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court," meaning that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence").

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

{¶9} Further, as we observed in *State v. Pierce*, *supra*, the Eighth District Court of Appeals has noted as follows:

"It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary.  In fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge.  This is an extremely deferential standard of review."

*Pierce*, *supra*, at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.


Legal Analysis

{¶10} As set forth above, King was granted judicial release pursuant to R.C. 2929.20 less than a year after he was sentenced to a forty-six month prison term. The record indicates that upon release he was placed on community control in accordance with R.C. 2929.20(K), which provides as follows:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

It appears from the record that after King was released from prison on March 16, 2017, he only reported as required until June 1, 2017, despite the fact that the conditions of his community control required him to report weekly. This violation served as the basis for the revocation of his community control. He testified during his revocation hearing that he didn't report out of embarrassment because he had become addicted to heroin.

{¶11} On appeal, King contends that the trial court erred by imposing a thirty-four-month prison sentence for what he characterizes as simply a "technical violation" of his community control. In support, he argues that the term "violation" contained in R.C. 2929.20(K) is undefined and ambiguous. He further argues that the term violation in section (K) refers only to a new offense that is a violation of law, based upon the last sentence in that section which refers to a "new offense." Thus, he argues that violations that are not new offenses, such as failure to report, can only be punished as technical violations under R.C. 2929.15, which governs community control, and which provides, in pertinent part, as follows:

> (B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;
>
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any *technical violation* of the conditions of a community control sanction imposed for a *felony of the fourth degree* that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, *the prison term shall not exceed one hundred eighty days*. (Emphasis added).

Thus, if King's community control violation was considered a technical violation under R.C. 2929.15(B)(1)(c)(2), the most he could be sentenced to is one hundred eighty days in prison.

{¶12} However, as indicated above, because King was placed on community control after being granted judicial release from prison, R.C. 2929.20 governs the terms of his release rather than R.C. 2929.15. As this Court explained in *State v. Perry*, when an appellant is not originally sentenced to a term of community control, but instead is sentenced to a prison term and then granted judicial release and placed on community control, R.C. 2929.20 governs the revocation of judicial release, rather than R.C. 2929.15. *State v. Perry*, 4th Dist. Athens No. 13CA12, 2013-Ohio-4066, ¶ 2. Further, R.C. 2929.20 provides in section (K) that upon granting judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." Here, although we were not provided with the transcript from the judicial release hearing, the judgment entry granting judicial release indicates the trial court properly reserved jurisdiction to sentence King to the balance of the original prison term, which was two years and ten months.

{¶13} As further explained in *Perry*, "the rules dealing with a violation of an original sentence of community control should not be confused with those dealing with a violation of community control while on judicial release. *Perry*, *supra*, at ¶ 12. As explained in more detail by the Third District Court of Appeals:

> "[T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the

sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) [now (K)] contains the term 'community control' in reference to the status of an offender when granted early judicial release. * * * Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control[;] whereas, when a defendant is granted judicial release under R.C. 2929.20, he has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction."

*State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, ¶ 12 (citations omitted); *see also State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 13; *State v. Perry*, *supra*, at ¶ 12; *State v. Jenkins*, *supra*, at ¶ 13; *see also State v. Justice*, 4th Dist. Lawrence No. 12CA11, 2013-Ohio-2049, ¶ 11 (noting that "[c]ourts have consistently found that R.C. 2929.15 and R.C. 2929.20 are independent statutes and serve different purposes[]").

{¶14} Further, we reject King's argument that the term "violation" contained in R.C. 2929.20(K) is either ambiguous, or that it only refers to a new offense that is a violation of law.  R.C. 2929.20(K) provides that upon revoking

judicial release "[i]f the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." Thus, the trial court is not limited to reimposing the balance of the reduced sentence only in the event of a violation that constitutes a new offense. Simply because R.C. 2929.15 was revised to draw a distinction between technical and non-technical violations does not render the term "violation" in R.C. 2929.20 ambiguous. With respect to the provision in R.C. 2929.20(K) regarding violations that are new offenses, the Third District Court of Appeals has observed that " '[i]t is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence.' " *State v. Rutschilling*, 3d Dist. Nos. 10-17-06 and 10-17-07, 2017-Ohio-9252, ¶ 8, quoting *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01, 3-16-12, 2016-Ohio-8401, ¶ 13. Notably, the *Rutschilling* decision was released after R.C. 2929.15 was revised to distinguish between technical and non-technical violations. *Rutschilling*, nevertheless, applied R.C. 2929.20 to the revocation of judicial release. *See also State v. Sinkfield*, 8th Dist. Cuyahoga No. 106491, 2018-Ohio-2939, ¶ 1, 5 (affirming the revocation of judicial release for failure to report as required by the rules and regulations of the probation department, after R.C. 2929.15 was revised); *State v. Arnold*, 8th Dist. Cuyahoga No. 107466, 2019-Ohio-254, ¶ 16, 19 (applying R.C. 2929.20(K) upon revocation of judicial release for a

violation of community control that consisted of being unsuccessfully discharged from a treatment program).  Furthermore, in *State v. Arnold*, the Eighth District Court of Appeals noted that "although the trial court is required to impose 'an appropriate community control sanction,' the fact remains that the offender is serving judicial release, not community control."  *Arnold* at ¶ 20.

{¶15} Furthermore, as explained in *State v. Hardy*, 8th Dist. Cuyahoga No. 83572, 2004-Ohio-2696, ¶ 6-7:

> The plain, unambiguous language set forth in R.C. 2929.20(I) [now R.C. 2929.20(K)] permits a trial court to merely reinstate the reduced, original prison term upon a violation of the conditions of early judicial release.  Indeed, the offender can only experience an increase in prison time if the court decides to order a consecutive sentence upon conviction for a new offense stemming from the violation. See R.C. 2929.20(I) [now R.C. 2929.20(K)]; *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509; *State v. Wiley*, 148 Ohio App.3d 82, 2002-Ohio-460, 772 N.E.2d 160; *State v. McConnell*, 143 Ohio App.3d 219, 2001-Ohio-2129, 757 N.E.2d 1167.
>
> Because Hardy was not before the trial court on a new conviction stemming from his violation of judicial release, the trial court was

limited to reimposing the reduced, original concurrent prison terms of

18 and 12 months, with credit to Hardy for time already served.

Thus, the *Hardy* court applied the statute to simply provide the trial court with the

option of reimposing a reduced sentence consecutively to a sentence imposed for a

new offense, rather than limiting the court to reimposing a reduced sentence only if

the violation constituted a new offense.

{¶16} Based upon the foregoing, we cannot conclude that the trial court

erred in imposing the balance of King's prison sentence of two years and ten

months, or that the sentence imposed was contrary to law.  Thus, we find no merit

to King's sole assignment of error.  Accordingly, the decision of the trial court is

affirmed.


                                                                **JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**