[Cite as *State v. Barton*, 2013-Ohio-307.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

State of Ohio,                                          :
                                                       :
    Plaintiff-Appellee,                      :
                                                       :          Case No. 12CA24
    v.                                        :
                                                       :          DECISION AND
Josey C. Barton,                                       :          JUDGMENT ENTRY
                                                       :
    Defendant-Appellant.                     :          Filed:  January 29, 2013
_____

APPEARANCES:

John A. Bay, BAY LAW OFFICE, L.L.C., Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

Kline, J.:

{¶1}  Josey C. Barton appeals the judgment of the Washington County Court of Common Pleas, which convicted her of permitting drug abuse.  Barton contends that she is entitled to a new sentencing hearing because the trial court misinformed her of the consequences of violating the terms of postrelease control.  Because Barton has not been prejudiced by the alleged error, we disagree.  Accordingly, we affirm the judgment of the trial court.

I.

{¶2}  A Washington County Grand Jury indicted Barton on one count of permitting drug abuse and one count of possession of drugs.  Eventually, Barton and

the state negotiated a plea deal.  Barton pled guilty to one count of permitting drug abuse, a fifth-degree felony in violation of R.C. 2925.13(B) & 2925.13(C)(1)(3).

{¶3}    The trial court held a sentencing hearing on June 5, 2012.  The court sentenced Barton to five years of community control.  During the sentencing hearing, the trial court informed Barton (1) that if she violated the terms of community control, she could be sentenced to a prison term and (2) that if she were sentenced to prison, she could be subject to a term of postrelease control.  Barton bases her appeal on the statements the trial court made with respect to postrelease control.  Specifically, the trial court advised Barton as follows:

> Now, but rest assured, Ms. Barton, you violate any of these [community control] rules or any of these regulations, I am going to send you to prison for the balance of your sentence.  Okay?  That's just – that's an absolute assurance.  So, for the next five years, you've got a reason to get your act together, stay in counseling, and get some marketable skills and make something of your life.  Because if you make me send you to prison, I'll do it.
>
> And if you do make me send you to prison, upon your release from prison, the Parole Authority has the option to give you up to three years of post release control.  It would be very much like today.  They would set rules and regulations and they would

supervise you.  You violate one of their rules or one of their regulations, it's a little different.  There's no due process.  You—they don't get a court order, they don't bring you to court.  They can kick your door in at two a.m. and drag you back to prison.  And they can take you back for up to six months for something as simple as skipping a counseling session, not showing up for an appointment with your * * * officer.  It doesn't have to be a crime, but if you commit a felony while you're under – under post release control, and you're convicted of that felony, the sentencing Judge in Ohio, in addition to the sentence for the new felony, has to add an additional one year in prison or three year—or the time remaining on post release control in prison, whichever's longer, and that has to be consecutive." Tr. at 48-49.

{¶4}    Barton appeals and asserts the following assignment of error: I. "The trial court erred while advising Appellant Barton that violation of conditions of post release control could result in a prison sanction without the protections of due process."

II.

{¶5}    Barton argues that the trial court erred by misinforming her of the consequences of violating the terms of postrelease control.

{¶6}     To resolve Barton's appeal, we must interpret and apply various statutes related to community control, postrelease control, and sentencing.  "Thus, our review is de novo."  *State v. Lofton*, 4th Dist. No. 11CA16, 2012-Ohio-2274, ¶ 7, citing *State v. Jenkins*, 4th Dist. No. 10CA3389, 2011-Ohio-6924, ¶ 9.

{¶7}     The trial court sentenced Barton to community control.  The court did not impose a prison sentence.  But the court informed Barton that a violation of her community control could result in a prison sentence, which could subject her to a period of postrelease control following her release from prison.  Then, the court told Barton that the Parole Authority could send her back to prison without a court order for violating the terms of postrelease control.

{¶8}     Barton argues that the Parole Authority must hold a hearing before it can send a defendant to prison for violating the terms of postrelease control.  Barton claims that she is entitled to a new sentencing hearing where she could be properly informed of the consequences of violating the terms of postrelease control.  We disagree.

{¶9}     "It is axiomatic that in order for there to be reversible error, there must be prejudice to the appellant."  *State v. Rembert*, 5th Dist. No. 04 CA 66, 2005-Ohio-4718, ¶ 15, citing *State v. Dean*, 94 Ohio App. 540, 16 N.E.2d 767 (1st Dist.1953); *Tingue v. State*, 90 Ohio St. 368, 108 N.E. 222 (1914).  And even assuming that the trial court misinformed Barton of the consequences of violating the terms of postrelease control, Barton cannot show prejudice.

{¶10}     A trial court must properly notify a defendant regarding the applicable terms of postrelease control.  *See State v. Munson*, 8th Dist. No. 93229, 2010-Ohio-1982, ¶ 14.  However, R.C. 2929.19(B)(2)(d) provides, in relevant part, "*if the*

*sentencing court determines at the sentencing hearing that a prison term is necessary or required*, the court shall * * * [n]otify the offender that the offender may be supervised under [R.C. 2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree * * *." (Emphasis added.) (R.C. 2967.28 governs postrelease control.)

{¶11} Here, the trial court did not sentence Barton to prison. Instead, it sentenced Barton to community control under R.C. 2929.15. A trial court may impose a prison sentence for a violation of the terms of a community control sanction. *See* R.C. 2929.15(B)(1)(c). And "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

{¶12} Currently, Barton is not subject to postrelease control based on her community control sentence. Should Barton violate the terms of her community control sanction, she could be sentenced to prison. But before the court could sentence Barton to prison, it would have to hold another sentencing hearing. During that hearing, the trial court would be required to comply with the relevant sentencing statutes, including those related to postrelease control. Consequently, even if the trial court misinformed Barton of the consequences of violating postrelease control, she cannot show prejudice from the trial court's alleged error.

{¶13} Accordingly, we overrule Barton's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. & Abele, J.:   Concur in Judgment & Opinion.


For the Court


BY:_____
          Roger L. Kline, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**