[Cite as *State v. Clark*, 2022-Ohio-46.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-06-030 |
| | : | O P I N I O N |
| - vs - | | 1/10/2022 |
| | : | |
| MICHAEL A. CLARK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CR00676

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Michael A. Clark, appeals the sentence he received in the Clermont County Court of Common Pleas following his guilty plea to obstructing justice.

{¶2} On July 6, 2019, appellant was arrested and charged by complaint in the Clermont County Municipal Court with one count of conspiracy to commit aggravated murder in violation of R.C. 2923.01 and 2903.01. The complaint alleged that appellant

planned or aided another in the commission of the murder of Jason Hamrick. The trial court imposed a $1,000,000 cash or professional bond, but appellant was unable to pay this bond and remained jailed.

{¶3} Appellant waived his right to a preliminary hearing and the case was bound over to be considered by the Clermont County Grand Jury. The grand jury chose not to indict appellant on the charge of conspiracy to commit aggravated murder. Instead, the grand jury returned an indictment charging appellant with obstructing justice in violation of R.C. 2921.32(A)(5), a felony of the third degree. Appellant's bond was reduced to a $10,000 cash or professional bond, and on August 20, 2019, appellant posted bond and was released from jail.

{¶4} On January 6, 2020, appellant entered a guilty plea to the charge of obstructing justice. By pleading guilty, appellant admitted that he advised a codefendant to get rid of Hamrick's body after the codefendant shot the victim in the head, that he repeatedly lied to law enforcement about his knowledge of the murder, and that after agreeing to work with law enforcement in their investigation of the murder, he disobeyed the directives he was given and caused an undercover operation to fail. Following a Crim.R. 11(C)(2) plea colloquy, the trial court accepted appellant's guilty plea and set the matter for sentencing.

{¶5} Following multiple continuances, appellant appeared before the court on May 20, 2021 for sentencing. After considering a presentence investigative report and hearing from the state, defense counsel, and appellant, the trial court imposed a five-year community control term, which included a residential sanction of six months in the Clermont County Jail. The trial court also imposed 500 hours of community service and ordered appellant to pay court costs and a $1,000 fine. The trial court did not award appellant any jail-time credit.

{¶6} Appellant appealed his sentence, raising two assignments of error for review.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ERRED IN DENYING APPELLANT 46 DAYS JAIL-TIME CREDIT TOWARD HIS 6-MONTH COMMUNITY RESIDENTIAL SANCTION IMPOSED FOR A FELONY.

{¶9} When the trial court imposed a six-month jail term as part of appellant's community control sanction, the court refused to give appellant credit for days appellant was jailed following his arrest on July 6, 2019 through the date he posted bond, August 20, 2019. In its sentencing entry, the court ordered, "[t]he defendant shall be incarcerated in the Clermont County Jail for a period of six months. Because this term of incarceration is being imposed as a residential sanction, the defendant shall not receive credit for any time of prior confinement in this case against this jail term." Appellant now argues, and the state agrees, that the trial court erred when it refused to give him jail-time credit for the 46 days he spent in jail while awaiting trial.

{¶10} Appellant did not file a motion for jail-time credit or object to the trial court's failure to include the 46 days of jail-time credit in its sentencing entry. He has therefore waived all but plain error. *State v. White*, 12th Dist. Clermont Nos. CA2015-12-102 and CA2015-12-103, 2016-Ohio-5878, ¶ 9. However, "a trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

{¶11} "The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment by a prisoner who is unable to afford bail must be credited to the prisoner's sentence." *State v. Macko*, 12th Dist. Clermont No. CA2019-08-068, 2020-Ohio-3410, ¶ 14, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. When an

offender convicted of a felony is sentenced to a term of imprisonment in a jail, the offender is to be delivered into the custody of the jailer along with his record of conviction. R.C. 2949.08(A). The record of the offender's conviction must "specify the total number of days, if any, the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer." R.C. 2949.08(B). In turn, "the jailer in charge of a jail sentence shall reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." R.C. 2949.08(C)(1). It is the trial court, not the jailer, that is required to determine "the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

{¶12} Appellant was arrested on July 6, 2019 for conspiracy to commit aggravated murder. He remained jailed on the charge while the charge was sent to the grand jury. The grand jury ultimately decided not to indict on that charge, but rather returned an indictment for obstructing justice. The obstructing justice charge therefore arose out of the same set of facts. As appellant was confined from July 6, 2019 to August 20, 2019 in jail in lieu of bail for reasons arising out of the offense for which he was convicted and sentenced, appellant was entitled to 46 days of jail-time credit. We therefore sustain appellant's first assignment of error, reverse appellant's sentence, and remand the case for the limited purpose of permitting the trial court to revise its May 20, 2021 sentencing entry to reflect the 46 days of jail-time credit appellant is entitled to receive for the time he spent confined, as contemplated by R.C. 2949.08.

{¶13} Assignment of Error No. 2:

{¶14} THE TRIAL COURT ERRED IN REQUIRING ALL COMMUNITY SERVICE

TO BE COMPLETED BEFORE TRANSFER OF COMMUNITY CONTROL WOULD BE CONSIDERED.

{¶15} In his second assignment of error, appellant argues the trial court erred by prohibiting him from transferring his community control to another state until all of his 500 hours of community service were completed. The state contends that no such prohibition was included in appellant's sentence and that the issue is not ripe for review, as appellant has not made a request to transfer probation to another county or state and a denial of such request has not been made by the trial court.

{¶16} "A trial court has broad discretion in determining the conditions of probation and an appellate court will not reverse these conditions absent an abuse of discretion." *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 28. However, "a trial court's discretion in imposing probationary conditions is not limitless." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 11. "Probation conditions * * * 'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.'" *Intihar* at ¶ 28, quoting *State v. Jones*, 49 Ohio St.3d 51, 52 (1990).

{¶17} The record in the present case demonstrates that the trial court imposed 500 hours of community service as a condition of appellant's community control. At the sentencing hearing, in response to statements made by defense counsel that "when this is all said and done, no matter what the sentence is, [appellant] is going to uproot to Arkansas so that he can be near his children," the trial court indicated that all community service would have to be completed "before any consideration w[ould] be given to transferring your case to Arkansas." However, the trial court did not include in its sentencing entry a requirement that community service hours be completed before a request to transfer community control to another jurisdiction could be entertained by the court. Instead, the sentencing entry provided the following regarding community service hours: "The

defendant shall undertake and complete 500 hours of community service as directed by the Probation Department. The community service shall be performed at the rate of not less than 16 hours per month."

{¶18} "'[I]n order for a sanction to commence, it must first be imposed by the sentencing court. A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing.'" *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 12, quoting *State v. Halsey*, 12th Dist. Butler No. CA2016-01-001, 2016-Ohio-7990, ¶ 26. After all, "[i]t is well established that a court speaks only through its journal entries and not by oral pronouncement." *State v. Wati*, 12th Dist. Butler No. CA2019-02-033, 2019-Ohio-4827, ¶ 15. As the sentencing entry in the present case does not contain a provision requiring the 500 community service hours to be completed before a transfer to another jurisdiction can be requested or granted, no such requirement is part of appellant's community control sanction. Appellant is not prohibited from seeking a transfer of his community control to another jurisdiction prior to the completion of his 500 hours of community service.

{¶19} The record on appeal does not contain a request by appellant to transfer his community control, nor a ruling by the trial court denying such a request. While the trial court indicated it was not inclined to consider a transfer until the community service hours were completed, the issue was not actually before the trial court. As the trial court was merely commenting on a hypothetical future event, the issue of a denial of a request for a transfer is not ripe for review. *See State v. McNeil*, 12th Dist. Warren No. CA2018-09-115, 2019-Ohio-1200, ¶ 18, citing *State v. McCarty*, 12th Dist. Butler No. CA2006-04-093, 2007-Ohio-2290, ¶ 15 and Texas *v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998) ("To be justiciable, a claim or issue must be a real controversy for which a judicial resolution will have a 'direct and immediate' impact. * * * If the claim rests on future events that may not

occur, then it will not be ripe for adjudication").

{¶20} Accordingly, for the reasons set forth above, we find no merit to appellant's arguments and his second assignment of error is overruled.

{¶21} Judgment affirmed in part, reversed in part, and the matter remanded for the limited purpose of revising the sentencing entry to reflect the 46 days of jail-time credit appellant is entitled to receive.

PIPER, P.J., and S. POWELL, J., concur.