[Cite as *State v. Gates*, 2022-Ohio-3386.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2022-01-009 |
| Appellee, | : | O P I N I O N<br>9/26/2022 |
| | : | |
| - vs - | : | |
| | : | |
| DAVION L. GATES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2021 04 0473

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, Davion Gates, appeals from his conviction and sentence in the Butler County Court of Common Pleas. He contends that the trial court failed to give him jail-time credit to which he was entitled. Because we conclude that the trial court miscalculated jail-time credit, we reverse.

{¶ 2} On March 25, 2021, Gates was arrested on multiple felony offenses and put

in jail. At the time, he was under a community-control sanction for drug possession in a previous case, and a notice of community-control violation was filed in that case. Gates was later indicted on six felony counts, including multiple counts of felonious assault involving a firearm. The trial court set bond at $150,000; Gates remained in jail. On April 9, a magistrate in the community-control case found probable cause that Gates had violated the terms of community control and remanded him into custody, ordering him jailed until a scheduled hearing. A joint hearing in the two cases was held on December 14 at which Gates pleaded guilty, under a plea agreement, to attempted felonious assault, discharging a firearm on or near prohibited premises, and a one-year firearm specification. Gates also admitted to the community-control violation.

{¶ 3} On January 11, 2022, a joint sentencing hearing was held in the community-control-violation case and the felony case. The trial court first administratively terminated community control and granted Gates jail-time credit of 299 days, representing the entire time that he had been in jail since his arrest. Then the court sentenced Gates for the two felonies to two concurrent three-year prison terms plus a consecutive one-year term for the specification. The court granted Gates no jail-time credit against this sentence. Gates appealed from his felony convictions.

{¶ 4} Sole Assignment of Error:

{¶ 5} THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT FAILED TO GIVE MR. GATES JAIL-TIME CREDIT.

{¶ 6} Gates argues that the trial court should have also granted him 299 days of jail-time credit against his felony sentence.

{¶ 7} "'The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence.'" (Emphasis sic.) *State v. Fugate*, 117 Ohio St.3d 261, 2008-

Ohio-856, ¶ 7, quoting *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972), *vacated in part on other grounds*, 471 F.2d 909 (6th Cir.1972). This principle is codified in R.C. 2967.191, which requires the department of rehabilitation and correction to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

{¶ 8} In his argument, Gates relies on the Ohio Supreme Court's holding in *Fugate* that "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Fugate* at ¶ 12. But Gates's reliance is misplaced because *Fugate* does not apply here. The defendant in *Fugate* committed multiple felonies and thereby violated a community-control sanction that had been imposed in a previous case. For the community-control violation the trial court sentenced him to a 12-month prison term and granted him 213 days of jail-time credit against the sentence, all the credit to which the defendant was entitled. For the felony offenses the court sentenced the defendant to a two-year and a six-month concurrent prison term and granted no jail-time credit. The trial court ordered that the community-control-violation sentence and the felony sentence be served concurrently. On appeal, the defendant argued that he should have also received jail-time credit of 213 days against the felony sentence. The *Fugate* court agreed, saying that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at the syllabus.

{¶ 9} But the situation in the present case is different. Here, the trial court did not explicitly impose a sentence for the community-control-violation. Instead, the court terminated community control and granted 299 days of jail-time credit. The court explained: "I'm going to apply the days * * * that he's been serving, so that's 299 days * * * specifically

to that [community-control] case. And so he has none to apply to the new case." In essence, the trial court sentenced Gates to time served for the community-control violation. Unlike in *Fugate*, the community-control-violation sentence here had been fully served, so it could not be served concurrently with the subsequently imposed felony sentence. As we have said, "*Fugate* is not applicable when the trial court essentially sentences the defendant to 'time served' for a community control violation but does not run the community control violation concurrent with the sentence for the new crimes." *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780, ¶ 15 (distinguishing *Fugate* and affirming jail-time credit solely against a sentence imposed for a community-control violation). After all, an offender cannot receive double credit. *See Fugate* at ¶ 22.

{¶ 10} The situation here is rather like the one that we considered in *State v. Dobbins*, 12th Dist. Butler No. CA2019-04-061, 2020-Ohio-726. In that case, the defendant was held in jail on charges in three separate cases plus a community-control violation in a fourth case. The defendant pleaded guilty to all the charged offenses and admitted violating community control. The trial court terminated community control and granted the defendant 199 days of jail-time credit, all the credit to which he was entitled. The court then sentenced him to an aggregate 54-month prison term for the other offenses. The court granted no jail-time credit against this sentence, explaining that it had granted all the jail-time credit against the community-control-violation sentence. On appeal, the defendant, relying on *Fugate*, contended that the trial court had erred by failing to grant him 199 days of jail-time credit against the 54-month prison sentence. We disagreed and concluded that *Fugate* was inapplicable, citing *Chasteen*. We said that because the trial court had terminated community control and credited the defendant with 199 days in the community-control-violation case, he had completed his sentence in that case. Because that sentence had been fully served, we concluded that it could not be served concurrently with the prison

sentence imposed in the other cases.

{¶ 11} Nevertheless, the trial court in the present case should not have granted jail-time credit of all 299 days that Gates was in jail against the community-control-violation sentence. The record plainly shows that the 15 days that he spent in jail from the day of his arrest on March 25, 2021, until the day that he was remanded to custody in the community-control-violation case on April 9 were related exclusively to the felony case. "Under the plain language of R.C. 2967.191(A) and the Ohio Supreme Court's construction of the statute in *Fugate*," those 15 days cannot be credited against the sentence imposed in the community-control-violation case but should be credited against the felony sentence. *Dobbins* at ¶ 27 (holding the same on similar facts). In sum, while Gates was not entitled to have 299 days of jail-time credit applied against his felony sentence, he was entitled to 15 days.[1]

{¶ 12} Gates's sole assignment of error is sustained. The trial court's judgment is reversed with respect to the amount of jail-time credit. This case is remanded for the limited purpose of amending the sentencing entry to reflect the correct jail-time credit to which Gates is entitled.

PIPER and BYRNE, JJ., concur.

---

1. According to the "NOTICE OF CALCULATION OF SENTENCE" in the record, filed after the notice of appeal, it appears that the Ohio Department of Rehabilitation & Correction correctly calculated jail-time credit and has applied 15 days of credit to Gates's felony sentence.