[Cite as *State v. Schoenstein*, 2022-Ohio-4446.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2022-04-044 |
| Appellee, | : | O P I N I O N<br>12/12/2022 |
| | : | |
| - vs - | : | |
| | : | |
| MICHAEL SCHOENSTEIN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-03-0338


Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


**M. POWELL, P.J.**

{¶ 1} Appellant, Michael Schoenstein, appeals the Butler County Court of Common Pleas' determination of his jail-time credit. For the following reasons, we affirm the trial court's calculation.

{¶ 2} Appellant was indicted on March 16, 2016, in Butler County on two counts of felony nonsupport of dependents (the Nonsupport of Dependents Case). Appellant's

arraignment was scheduled for September 12, 2016. At that time, appellant was being held in the Clermont County jail, serving a sentence in an unrelated matter for which he would be incarcerated until January of 2017 (the Clermont County Case).[1] On September 19, 2016, the Butler County court granted appellant an own recognizance bond in the Nonsupport of Dependents Case. While appellant remained incarcerated in the Clermont County Case, appellant entered into a plea agreement in the Butler County Case, where he pled guilty to the first count of nonsupport in exchange for a dismissal of the second count.

{¶ 3} At sentencing in the Nonsupport of Dependents Case on November 7, 2016, the court imposed a sentence of five years of community control. The court ordered appellant to report to the Butler County probation department after being released from Clermont County. The court further informed appellant that the failure to report to Butler County would be a violation of his community control, and the court would issue a capias for his arrest.

{¶ 4} At the sentencing hearing, the court also calculated the number of days between appellant's scheduled arraignment on September 12 and the day of sentencing on November 7 to be "57 days of jail-time credit." In the subsequent sentencing entry, the trial court did not mention any jail-time credit. Neither the state nor appellant objected to the calculation of jail-time credit at the sentencing hearing or appealed the court's entry omitting any mention of jail-time credit.

{¶ 5} Appellant absconded from Butler County's supervision and went to Kentucky. In May of 2017, a notice of community control violation was filed in the Nonsupport of

1. The state requests that we take judicial notice of the online docket of the Clermont County Municipal Court regarding the dates appellant was held in the Clermont County jail. We decline to do so. The municipal court's online docket was not before the trial court and is not a part of this record on appeal. *State v. Ishmail*, 54 Ohio St.2d 402, 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

Dependents Case and a capias was issued for appellant's arrest. The capias was served on appellant on April 13, 2022.

{¶ 6} On April 25, 2022, the court held a hearing on appellant's community control violation. The court revoked appellant's community control and imposed a nine-month prison sentence "with credit for 21 days as of today." The court's sentencing entry reflected the pronounced jail-time credit of 21 days.

{¶ 7} Appellant now appeals the trial court's calculation of his jail-time credit, raising a single assignment of error for our review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY NOT CREDITING SCHOENSTEIN HIS LAWFUL NUMBER OF DAYS OF JAILTIME CREDIT.

{¶ 10} In his assignment of error, appellant argues that he is entitled to 79 days of jail-time credit against the prison term imposed in the Nonsupport of Dependents Case. Appellant's calculation includes (1) 57 days as announced by the trial court at the 2016 sentencing hearing, (2) seven additional days for the time he was incarcerated prior to his community control violation hearing, and (3) 15 additional days related to appellant's holding time before being transported to prison. The state argues that appellant is only entitled to nine days of jail-time credit. We find that because appellant has failed to meet his burden of showing that the trial court erred in its jail-time credit calculation, we affirm the trial court's calculation of 21 days.

## I. STANDARD OF REVIEW

{¶ 11} Jail-time credit is a concept rooted in the Equal Protection clauses of the Ohio and United States Constitutions and codified in R.C. 2967.191(A). *State v. Fugate*, 117 Ohio St.3d 261, 264 (2008). The statute entitles a prisoner to a reduction in their prison term for the number of days they were confined for any reason arising out of the offense for

which they were convicted and sentenced. R.C. 2967.191(A). If a defendant fails to file a motion for jail-time credit or object to a trial court's failure to include jail-time credit in any of the sentencing judgments, the defendant waives all but plain error on appeal. *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 57. Notice of plain error "must be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 27.

{¶ 12} This court has held that "a trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing entry amounts to plain error." *State v. Clark*, 12th Dist. Clermont No. CA2021-06-030, 2022-Ohio-46, ¶ 10. However, on appeal, the appellant "bears the burden of showing that the trial court erred in the jail-time calculation," and if no miscalculation is "apparent from the record, any claimed error must be overruled." *State v. Hall*, 8th Dist. Cuyahoga No. 95216, 2011-Ohio-221, ¶ 10.

## II. THE PRONOUNCED 57 DAY CREDIT

{¶ 13} In support of his argument that he is entitled to the 57 days of credit announced by the trial court during the November 7, 2016 sentencing hearing, appellant points us to R.C. 2929.19(B)(2)(g)(i). This statute provides, in part, that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required," the court shall "include in the sentencing entry the total number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and * * * must reduce the definite prison term imposed on the offender as the offender's stated prison term." R.C. 2929.19(B)(2)(g)(i). Appellant asserts that, pursuant to this statute, the trial court erred in failing to include the 57 days in its sentencing entry.

- 4 -

{¶ 14} Appellant fails to recognize that by its plain language, R.C. 2929.19(B)(2)(g)(i) is only applicable where the sentencing court determines that a prison term is "necessary or required." Here, when the trial court sentenced appellant in the Nonsupport of Dependents Case, it imposed community control sanctions, not a prison term. Consequently, the court was not obligated to include jail-time credit in its sentencing entry.

{¶ 15} R.C. 2929.19(B)(2) sets forth the various duties of a sentencing court when the court determines that a prison term is "necessary or required." We are not aware of any cases that discuss the import of this language in the context of jail-time credit under subsection (g)(i). However, in the context of a sentencing court's other duties under R.C. 2929.19(B)(2), several Ohio courts have applied the phrase "necessary or required" in the same way we do here. *See State v. Russell*, 5th Dist. Richland No. 06 CA12, 2006-Ohio-4450, ¶ 26 ("Under R.C. 2929.13(B)(3),[2] a trial court is not required to inform a defendant about postrelease control if the defendant is sentenced to community control rather than a prison term."); *State v. Barton*, 4th Dist. Washington No. 12CA24, 2013-Ohio-307, ¶ 10–12 (in applying R.C. 2929.19(B)(2)(d), the court found that the defendant could not show prejudice where the trial court did not notify her about postrelease control because she was sentenced to community control and not prison); *State v. Pulley,* 1st Dist. Hamilton No. C-120444, 2013-Ohio-1624, ¶ 6 ("Here, because the trial court did not impose a prison term, there was no need to provide any notification relating to postrelease control" pursuant to R.C. 2929.19(B)(2)); *see also State v. Anderson*, 143 Ohio St.3d 173, 179 (2015) (finding that the language of R.C. 2929.19 reflects the General Assembly's intent that prison and community-control sanctions are alternative sanctions that are "mutually exclusive").

---

2. *State v. Russell* was issued in 2006. At that time, R.C. 2929.19(B)(3) contained the "necessary or required" language that R.C. 2929.19(B)(2) now contains.

{¶ 16} The same logic applied by other Ohio courts is applicable to our understanding of R.C. 2929.19(B)(2)(g)(i). The trial court did not find that prison was "necessary or required" and instead sentenced appellant to community control. Thus, the court was not required to include jail-time credit in its sentencing entry.

{¶ 17} Further, "[i]t is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions." *State v. Smith*, 12th Dist. Butler No.CA2009-02-038, 2010-Ohio-1721, ¶ 59. A sanction "is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing." *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 12. Despite the trial court's oral statement regarding 57 days of jail-time credit, appellant is not entitled to this credit because it was not reflected in the sentencing entry.

{¶ 18} This omission by the trial court may have been intentional or it may have been an oversight. At the original sentencing hearing, the court discussed with defense counsel that appellant was being held by the Clermont County Municipal Court on a separate matter between the dates of his arraignment on September 12, 2016, and his sentencing hearing on November 7, 2016.[3] The court calculated the amount of time between those dates to be "57 days of jail-time credit." However, "Ohio courts have consistently held that jail-time credit is to be applied to an inmate's sentence only for confinement related to the specific case in which that sentence was imposed." *State v. McClellan*, 12th Dist. Preble No. CA2018-10-014, 2019-Ohio-5034, ¶ 14. This means that there is no jail-time credit "for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-

---

3. The trial court also entered separate orders for transport of appellant from Clermont County to Butler County for his arraignment, his plea hearing, and his sentencing hearing. These orders were entered on August 31, September 19, and October 3, 2016.

045, 2015-Ohio-2733, ¶ 12. Thus, if the trial court's omission of jail-time credit in the sentencing entry was intentional, it was proper, as appellant was not entitled to credit for the days he was held in Clermont County on a separate matter for a separate offense. If the trial court's omission was an oversight, it is irrelevant. As explained above, the trial court was not required to include the credit in its sentencing entry because prison was not "necessary or required." Regardless of the reason for the omission, our review under a plain error standard does not necessitate a remand back to the trial court for clarification as there has been no manifest miscarriage of justice. Appellant failed to do more than assert that he is entitled to the trial court's oral calculation without demonstrating why that calculation was proper. Accordingly, appellant's argument that he is entitled to a 57-day credit is not well taken.

### III. THE SEVEN DAY CREDIT

{¶ 19} Appellant claims that he is entitled to jail-time credit for the number of days between the date he was reincarcerated pursuant to the community control capias and the date of his community control revocation hearing. His community control revocation hearing took place on April 25, 2022, with the sentencing entry filed one day later. The record shows that appellant was arrested pursuant to the community control violation capias on April 13, 2022. Appellant, however, asserts in his brief that he was reincarcerated on April 18, 2022.

{¶ 20} Regardless of the date of appellant's return to custody, appellant was entitled to jail-time credit for the days he was confined prior to his revocation hearing on April 25, 2022. R.C. 2967.191(A). Appellant calculates this amount of time to be seven days, while we calculate this amount of time to be 12 days based on the date of the capias warrant. In its entry revoking community control, the trial court credited appellant "21 days served," which is more than either appellant's or this court's calculation of credit. While appellant is

- 7 -

correct that he is entitled to this time, the trial court's 21-day credit more than covers this amount, and thus we decline to add an additional seven days to the court's 21-day credit.

## IV.   THE FIFTEEN DAY CREDIT

{¶ 21} Appellant also asserts in his brief that he is entitled to 15 additional days of credit.  Appellant states that "the Butler County Sheriff transported [him] into the custody of the Ohio Department of Corrections between May 9, 2022 – [*sic*] allowing for another 15 days of jail-time credit."  It is unclear from appellant's brief what range of dates he attempts to reference.   In the court's entry revoking community control, the trial court credited appellant with 21 days of credit "along with future custody days while the defendant awaits transportation to the appropriate state institution."  Thus, we can only guess that appellant argues for credit for the number of days between his sentencing on April 25, 2022, and the day he was taken into custody of the Ohio Department of Corrections.

{¶ 22} Regardless of this amount of time, the Ohio Supreme Court has found that it is the jailer's duty to reduce a sentence in accordance with the entry made by the trial court. *State v. Berger*, 17 Ohio App. 3d 8, 11 (1984); *see also* Ohio Admin. Code 5120-2-04(A). Thus, any complaint concerning whether the Ohio Department of Rehabilitation and Correction properly credited jail-time in conformity with the court's judgment lies with the ODRC and not the trial court.  *State v. Slager*, 10th Dist. Franklin No. 11AP-794, 2012-Ohio-3584, ¶ 12 (finding that a defendant may generally "only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation," and that the "proper method" for addressing the issue of ODRC's compliance with that entry "would be the filing of an original action" to which ODRC is named a party).   Thus, we decline to address whether the ODRC properly adhered to the trial

court's judgment regarding the number of days appellant was confined prior to his delivery to the Department of Corrections.[4]

## V. CONCLUSION

{¶ 23} Appellant failed to meet his burden of showing that the trial court erred in its calculation of jail-time credit and that the calculation prejudiced him. It is "axiomatic that in order for there to be reversible error, there must be prejudice to the appellant." *State v. Barton*, 4th Dist. Washington No. 12CA24, 2013-Ohio-307, ¶ 9. If anything, appellant received a small windfall by receiving 21 days of jail-time credit when it appears he was only entitled to 12.[5] As no miscalculation of jail-time credit is apparent from the record, appellant's assignment of error is overruled.

{¶ 24} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

4. We note, however, that ODRC calculated appellant's aggregate jail-time credit to be 31 days, which is ten days more than the trial court's 21-day calculation. The notice of calculation of sentence shows that appellant was admitted on May 6, 2022. The sentencing entry was filed on April 26, 2022. According to the Ohio Administrative Code, the ODRC shall reduce the sentence "by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the department. . . ." Ohio Admin. Code 5120-2-04. The number of days between the sentencing entry and the date appellant was committed to the department, excluding those dates, is ten days.

5. Pursuant to App.R. 12(A), this court has the authority to modify the jail-time credit. The state did not appeal the trial court's calculation, and thus we decline to modify it.