[Cite as *State v. Gates*, 2025-Ohio-4507.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-004 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 9/29/2025 |
| DAVION L. GATES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CRI-04-0473

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

## **O P I N I O N**

**M. POWELL, J.**

{¶ 1}   Defendant, Davion Gates, appeals the judgment entry of the Butler County Court of Common Pleas granting him judicial release from prison to community-control

supervision. He contends that the trial court failed to give him confinement-time credit to which he was entitled. Because we conclude that Gates was not entitled to any such credit, we affirm.

## I. Factual and Procedural Background

{¶ 2}    Gates's legal troubles stem from two separate criminal cases in Butler County. In the first case, he had been placed on community control for drug possession. On March 25, 2021, while under this community-control sanction, Gates was arrested on multiple felony offenses in a second case involving a shooting incident and was incarcerated in the Butler County Jail.

{¶ 3}    On April 9, 2021, a magistrate in the community-control case found probable cause that Gates had violated the terms of his community control and remanded him into custody, ordering him jailed until a scheduled hearing. Gates remained continuously incarcerated from his March 25, 2021 arrest through his eventual sentencing.

{¶ 4}    On December 14, 2021, Gates appeared for a joint hearing in both cases. Under a negotiated plea agreement, he pleaded guilty to attempted felonious assault, discharging a firearm on or near prohibited premises, and a one-year firearm specification in the shooting case. Gates also admitted to the community-control violation in the drug case.

{¶ 5}    The sentencing hearing occurred on January 11, 2022. The trial court first addressed the community-control-violation case, administratively terminating Gates's community control and granting him jail-time credit of 299 days, representing the entire time he had been incarcerated since his March 25, 2021 arrest. The court then sentenced Gates in the shooting case to two concurrent three-year prison terms plus a consecutive one-year term for the firearm specification, for an aggregate sentence of forty-eight

months. Notably, the trial court granted Gates no jail-time credit against this prison sentence.

{¶ 6}   Gates appealed his felony convictions, challenging solely the trial court's jail-time credit calculation. He argued that the trial court should have also granted him 299 days of jail-time credit against his felony sentence. This court's decision in *State v. Gates*, 2022-Ohio-3386 (12th Dist.) ("*Gates I*"), concluded that the trial court should have granted jail-time credit but not 299 days. We determined that the first 15 days of Gates's incarceration, from March 25, 2021, until April 9, 2021, when he was remanded to custody in the community-control-violation case, related exclusively to the shooting case and should have been credited against that sentence rather than the community-control violation. Accordingly, we reversed the trial court's judgment with respect to jail-time credit and remanded "for the limited purpose of amending the sentencing entry to reflect the correct jail-time credit to which Gates is entitled." *Gates I* at ¶ 12. We held that Gates was entitled to 15 days of jail-time credit in the shooting case.

{¶ 7}   The trial court complied with our mandate on October 5, 2022, entering an amended judgment of conviction that awarded Gates 15 days of jail-time credit against his 48-month prison sentence in the shooting case. Gates thus began serving his prison term on January 11, 2022, with 15 days of credit applied.

{¶ 8}   After serving a portion of his sentence, Gates filed his first motion for judicial release on September 13, 2023. The trial court denied this motion.

{¶ 9}   Gates filed a second motion for judicial release on November 4, 2024. The trial court conducted a hearing on December 16, 2024, where it found that Gates was eligible for judicial release. When addressing jail-time credit, the court stated that it would not be awarding Gates any jail-time credit, indicating that Gates would receive credit "if, at a later time, [Gates was] called upon to serve that sentence." Neither Gates nor his

- 3 -

counsel objected to this determination.

{¶ 10} On December 17, 2024, the trial court entered its judgment entry of judicial release, placing Gates on community control and reflecting "0 days" of jail-time credit, stating that "all Jail Time Credit has been applied to CR2017-11-1950." The entry ordered Gates to serve the remainder of his sentence under community-control supervision rather than in prison.

{¶ 11} Gates appealed.

## II. Analysis

{¶ 12} Gates's single assignment of error alleges:

{¶ 13} The trial court committed JTC [jail-time credit] errors at sentencing.

{¶ 14} Gates challenges the trial court's failure to calculate and award jail-time credit on his judicial release. Specifically, Gates argues that the trial court was required to award him both the previously determined 15 days of jail-time credit and an additional 1,070 days of credit for the time he served in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") between January 11, 2022, and December 16, 2024. We find no merit in either argument.

{¶ 15} As a threshold matter, we note that Gates failed to file a motion for jail-time credit under R.C. 2929.19(B)(2)(g)(iii) or object to the trial court's failure to include jail-time credit in its sentencing entry. Accordingly, he has waived all but plain error. *State v. Stefanopoulos*, 2012-Ohio-4220, ¶ 57 (12th Dist.). "[A] trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail time credit in the body of the offender's sentencing judgment amounts to plain error." *Id*.

{¶ 16} The appellant bears the burden of demonstrating that the trial court erred in its jail-time calculation, and if no miscalculation is apparent from the record, any claimed error must be overruled. *State v. Schoenstein*, 2022-Ohio-4446, ¶ 12 (12th Dist.).

- 4 -

{¶ 17} The requirement for trial courts to calculate jail-time credit stems from both constitutional and statutory sources. The Equal Protection Clause requires that defendants be credited for eligible jail-time served. *State v. Fugate*, 2008-Ohio-856, ¶ 7. This principle is codified in R.C. 2967.191(A), which provides that the ODRC must reduce a prisoner's term by the total number of days the prisoner was confined for any reason arising out of the offense. *Id*. at ¶ 8.

{¶ 18} The specific obligations of sentencing courts are set forth in R.C. 2929.19(B)(2)(g)(i), which requires courts to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days . . . that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced." There is a critical predicate for these obligations, though, that appears in division (B)(2): "Subject to division (B)(3) of this section, *if the sentencing court determines at the sentencing hearing that a prison term is necessary or required*, the court shall do all of the following." (Emphasis added.).

{¶ 19} The plain language of R.C. 2929.19(B)(2) establishes that the sentencing court's determination that a prison sentence is "necessary or required" serves as a condition precedent to the jail-time credit calculation requirements in division (B)(2)(g)(i). This court addressed this precise issue in *Schoenstein*, 2022-Ohio-4446. In that case we held that R.C. 2929.19(B)(2)(g)(i) "is only applicable where the sentencing court determines that a prison term is 'necessary or required.'" *Schoenstein* at ¶ 14. We concluded that when "the trial court sentenced appellant . . . [to] community control sanctions, not a prison term[,] . . . the court was not obligated to include jail-time credit in its sentencing entry." *Id. Accord State v. Jaycox*, 2023-Ohio-2009, ¶ 7 (9th Dist.) ("[T]he trial court did not sentence Mr. Jaycox to any period of incarceration. Therefore, no Equal Protection violation has occurred."); *State v. Brown*, 2022-Ohio-4689, ¶ 13 (3d Dist.)

("There is no existing prison sentence against which to grant jail-time credit.").

{¶ 20} Gates contends that this court's previous determination in *Gates I*, that he was entitled to 15 days of jail-time credit, constitutes the law of the case, thereby requiring the trial court to award such credit when granting his motion for judicial release. This argument conflates two different legal proceedings and misunderstands the scope of the law-of-the-case doctrine.

{¶ 21} The law-of-the-case doctrine provides that an appellate decision becomes the law of the case for all subsequent legal proceedings in the same case. *Settlers Walk Home Owners' Assn. v. Phoenix Settlers Walk, Inc.*, 2021-Ohio-4547, ¶ 17 (12th Dist.). But the doctrine must be applied within its proper context. In *Gates I*, this court determined that Gates was entitled to 15 days of jail-time credit *against his prison sentence* in the shooting case. The trial court complied with this mandate by entering an amended judgment of conviction on October 5, 2022, awarding Gates the mandated 15 days of credit.

{¶ 22} The present proceeding involves a fundamentally different sentencing event: Gates's judicial release from his prison sentence to community-control supervision. When the trial court granted Gates's motion for judicial release, it did not impose a new prison term but rather replaced his remaining prison sentence with community-control sanctions. Under these circumstances, R.C. 2929.19(B)(2)(g)(i) simply does not apply, as the court made no determination that "a prison term is necessary or required."

{¶ 23} The law-of-the case doctrine cannot operate to require application of a statute that, by its own terms, is inapplicable to the type of sentence imposed. Gates remains entitled to his previously calculated jail-time credit; that credit was properly applied to reduce his prison sentence.

{¶ 24} Gates's second argument, that he is entitled to an additional 1,070 days of

prison-time credit for the time he served in the custody of the ODRC between January 11, 2022, and December 16, 2024, rests on his interpretation of amendments to R.C. 2929.19(B)(2)(g)(i), asserting that trial courts must now calculate credit for time served in ODRC custody. He points to language changes in the statute's exclusionary clause, arguing that the General Assembly intended to require trial courts to calculate what he terms "prison credit."

{¶ 25} R.C. 2929.19(B)(2)(g)(i) formerly provided that the sentencing court's calculation of confinement credit not include "the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced." Effective March 22, 2019, R.C. 2929.19(B)(2)(g)(i) was pertinently amended to provide that the sentencing court exclude from its confinement-credit calculation "the number of days, if any, that the offender [~~previously~~] served in the custody of the department of rehabilitation and correction arising out of [~~the~~] *any prior* offense for which the prisoner was convicted and sentenced." (Emphasis added.). The amendment says nothing about what must be included in the confinement-credit calculation but addresses only what may not be counted.

{¶ 26} Gates's argument also mischaracterizes the statutory scheme governing confinement-credit calculations. It is the responsibility of ODRC to calculate "prison time" credit and the trial court's responsibility to calculate jail-time, or "local time," credit. The division of responsibilities between trial courts and ODRC is clearly delineated in both statute and administrative regulation. R.C. 2967.191(A) pertinently provides that ODRC "shall reduce the stated prison term of a prisoner . . . by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced."

- 7 -

Adm.Code 5120-2-04 reinforces this division of labor, providing in division (B) that "[t]he sentencing court determines the amount of time the offender served locally before being sentenced," while stating in division (A) that ODRC handles reductions for time "the offender previously served in the custody of the department of rehabilitation and correction." The administrative code makes clear that trial courts calculate "local time," while ODRC calculates "prison time." Furthermore, R.C. 2929.19(B)(2)(g)(v) expressly provides that "[t]he department of rehabilitation and correction shall rely upon the latest journal entry of the court *in determining the total days of local confinement*" (Emphasis added.), confirming that trial courts are responsible for local confinement calculations, not prison-time calculations.

{¶ 27} Even if Gates had properly preserved his arguments, they would not constitute plain error. Plain error requires a deviation from a legal rule that constitutes an obvious defect in trial proceedings and affects substantial rights. *State v. Palma*, 2025-Ohio-1318, ¶ 19 (12th Dist.). Here, there was no deviation from any legal rule. As we have established, R.C. 2929.19(B)(2)(g)(i) does not apply when a defendant is sentenced to community control rather than prison. The trial court's decision not to calculate jail-time credit was legally correct under the plain language of the governing statute.

{¶ 28} Moreover, Gates has made no showing that his substantial rights were affected. He provides no argument or demonstration that he will not receive appropriate credit for his jail time and prison time when such credit becomes relevant.

### III. Conclusion

{¶ 29} Gates's assignment of error lacks merit on multiple grounds. The trial court correctly determined that R.C. 2929.19(B)(2)(g)(i) does not require jail-time credit calculations when imposing community-control sanctions through judicial release. Accordingly, Gates's assignment of error is overruled, and the judgment of the trial court

is affirmed.

BYRNE, P.J., and PIPER, J., concur.

---

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge